IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| MIDWEST TRUST COMPANY, as Administrator of the Estate of Mark Bull, Deceased,<br><br>      Plaintiff,<br><br>v.<br><br>SHERIFF JEFF C. CONNOR, COUNTY OF MADISON, ILLINOIS, JOHN DOES, JANE DOES, and ADVANCED CORRECTIONAL HEALTHCARE, INC.,<br><br>      Defendants. | Case No. 3:23-cv-1238 |

## Memorandum of Law in Support of Motion for Judgment on the Pleadings Pursuant to Fed.R.Civ.P. 12(c)

NOW COMES Defendant, ADVANCED CORRECTIONAL HEALTHCARE, INC., by its attorneys, QUINN JOHNSTON, and for its Memorandum of Law in Support of Motion for Judgment on the Pleadings Pursuant to Fed.R.Civ.P. 12(c) states as follows:

## Standard

"A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 728 (quoting *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007)). The Court must Plaintiff's factual allegations as true, but legal conclusions are insufficient. *Id.*

## Advanced Correctional Healthcare is Not a Public Entity Under the ADA

Advanced Correctional Healthcare ("ACH") is a private health care provider not subject to liability under Title II of the ADA. Only "public entities" are liable for violations of Title II of the ADA. 42 U.S.C. § 12131. *Pa. Dept. of Corr. V. Yeskey*, 524 U.S. 205, 210 (1998). A private entity such as ACH is not a "public entity" under the ADA statutory language merely because it contracts with a public entity to provide a public service. *Edison v. Dorberly*, 604 F.3d 1307, 1310 (11th Cir. 2010) (citing with approval, *Cox v. Jackson*, 579 F. Supp. 2d 831, 852 (E.D. Mich. 2008) (holding that a private medical provider for a prison could not be considered a "public entity" under the ADA statute because it was not a governmental entity.))

Title 42 U.S.C. § 12132 provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." The term "public entity" is defined to be "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1). Judgment on the pleadings is warranted on the ADA claim asserted against ACH in Count II of the Amended Complaint because ACH is a private company. Amended Complaint [39-1] at ¶ 54.

To state a claim for a violation of Title II of the ADA, a plaintiff must allege: "(1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or

2

activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefit or discrimination was by reason of his disability." *Novak v. Bd. of Trs. of S. Ill. Univ.*, 2012 WL 5077649, at *1 (S.D. Ill. Oct. 18, 2012) (quoting *Toledo v. Sanchez*, 454 F.3d 24, 31 (1st Cir. 2006)).

Plaintiff's ADA claim against ACH must fail because ACH is a private organization, not a special purpose district or instrumentality of a State or local government. "[A] private corporation is not a public entity merely because it contracts with a public entity to provide some service." *Edison v. Douberly*, 604 F.3d 1307, 1310 (11th Cir. 2010). Moreover, private entities are not subject to suit under the ADA, which "provides redress only from public entities." *Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010) (citing *Alsbrook v. City of Maumelle*, 184 F.3d 1005 n.8 (8th Cir. 1999) (en banc)). "A private [medical provider] performing services pursuant to a contract with a municipality even if it does so according to the municipality's rules and under its direction, is not a creature of any governmental entity. Instead, it is a parallel private entity." *Green v. City of N.Y.*, 465 F.3d 65, 79 (2d Cir. 2006).

Here, ACH was merely contracted to provide medical care to inmates housed at the Madison County Jail. Amended Complaint [39-1] at ¶ 8. As a private medical provider, ACH is not a public entity subject to the requirements of the ADA. Defendant is neither a state actor nor a public entity under the ADA. Therefore, Plaintiff cannot satisfy the second element of a prima facie case of violation of Title II of the ADA because a "public entity" has not discriminated against him on the basis of his disability. Because ACH is a private company, not a "public entity," that contracted with Madison County Jail to

provide medical services, Plaintiff cannot bring a Title II claim against ACH. For these reasons, judgment on the pleadings as to Count II of Plaintiff's Amended Complaint [39-1] in favor of Defendant ACH is appropriate. As such, judgment in favor of ACH should be entered as a matter of law.

WHEREFORE, Defendant, ADVANCED CORRECTIONAL HEALTHCARE, INC., prays that this Court enter judgment in bar of Plaintiff's Amended Complaint, that Defendant have its attorneys' fees and costs at Plaintiff's expense, and for such other and further relief as the Court deems just.

        ADVANCED CORRECTIONAL
        HEALTHCARE, INC., Defendant

By:    *s/ Peter R. Jennetten*
      Peter R. Jennetten (Illinois Bar No. 6237377)
      James A. Borland (Illinois Bar No. 6206595)
      QUINN JOHNSTON
      227 N.E. Jefferson Ave.
      Peoria, IL 61602-1211
      (309) 674-1133 (phone)
      (309) 674-6503 (fax)
      Email: pjennetten@quinnjohnston.com
           jborland@quinnjohnston.com

## CERTIFICATE OF SERVICE

I hereby certify that on **February 15, 2024**, I electronically filed the foregoing Memorandum of Law in Support of Motion for Judgment on the Pleadings Pursuant to Fed.R.Civ.P. 12(c) with the Clerk of Court using the CM/ECF system, which will automatically send notice to:

**Counsel for Plaintiff:**
Suvir Dhar
DHAR LEGAL GROUP
2822 N. Greyer Road
St. Louis, MO  63131
suvir@dahrlegalgroup.com

Ted N. Gianaris
Joshua Edelson
Gianaris Trial Lawyers
One Court Street
Alton, IL 62002
tgianaris@lawforpeople.com
jedelson@lawforpeople.com

**Counsel for Madison County and John Lakin:**
Heidi L. Eckert
Ford Harrison LLP
7777 Bonhomme Avenue
Suite 1710
St. Louis, MO 63105
heckert@fordharrison.com

     *s/   Peter R. Jennetten*
Peter R. Jennetten (Illinois Bar No. 6237377)
James A. Borland (Illinois Bar No. 6206595)
QUINN JOHNSTON
227 N.E. Jefferson Ave.
Peoria, IL  61602-1211
(309) 674-1133 (phone)
(309) 674-6503 (fax)
Email: pjennetten@quinnjohnston.com
       jborland@quinnjohnston.com

5